UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCO JONES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 05-1213 |
| | ) | |
| v. | ) | Judge Terrence F. McVerry |
| | ) | Magistrate Judge |
| HARRY E. WILSON, | ) | Francis X. Caiazza |
| et al., | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus commenced by the Petitioner, Marco Jones, be dismissed with prejudice because it was not filed in a timely manner. It is further recommended that a certificate of appealability be denied.

## II. REPORT

The Petitioner, Marco Jones (a/k/a Lamont Harris and referred to herein as "Jones" or "the Petitioner"), is a state prisoner presently incarcerated at the State Correctional Institution Fayette, located in LaBelle, Pennsylvania. He has filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 7). For the reasons that follow, the petition should be dismissed because Jones has failed to file his federal habeas petition within the applicable one-year limitations period. See 28 U.S.C. § 2244(d).

A.   **The Relevant Procedural History**

In September 1993, Jones, who was incarcerated in state prison, assaulted a fellow prisoner.[1] He was charged with one count of attempted homicide and one count of assault by a prisoner and his case was docketed at Criminal Docket No. 199400697. On September 28, 1995, he appeared before the Honorable James R. McGregor of the Court of Common Pleas of Allegheny County and pleaded guilty. Judge McGregor sentenced

---

[1]   Jones was originally incarcerated on February 17, 1983, for convictions of burglary, theft, receiving stolen property and simple assault. He was sentenced to a term of imprisonment of not less than six years, two months to no more than twenty years. At the time, the Pennsylvania Department of Corrections calculated his minimum sentence at April 17, 1989 and his maximum sentence at February 17, 2003.
   The Pennsylvania Department of Probation and Parole (the "Parole Board") granted Jones parole on April 15, 1993. On September 5 and 6, 1993, he committed new crimes and was charged at Criminal Docket Nos. 199312785 (robbery), 199312783 (escape), and 199310669 (criminal attempt, loitering). On December 8, 1993, the Parole Board issued a detainer for Jones as a result of the new criminal charges. On February 7, 1994, the Honorable Paul F. Lutty, Jr. sentenced him to concurrent sentences of not less than two years, six months to not more than ten years.
   In the meantime, in September 1993 Jones committed the crimes at issue in the instant case (Criminal Docket No. 199400697). As set out *infra*, he pleaded guilty and was sentenced in September 1995.
   As a result of his numerous convictions and after hearings on May 4, 1994, and December 12, 1995, the Parole Board recommitted Jones as a convicted parole violator and extended the maximum date on his original sentence issued at Criminal Docket No. 198301987 to June 1, 2005. In August 2001, he filed a federal habeas corpus petition with this court in which he claimed that the Parole Board erroneously calculated his new minimum and maximum dates on Criminal Docket No. 198301987. That case was docketed at Civil Action No. 01-565. On September 11, 2001, the Honorable Robert J. Cindrich adopted as the opinion of the court the undersigned's Report & Recommendation, which recommended that that petition be dismissed because it appeared on the face of the petition that Jones had not exhausted his state-court remedies. (*See* Civil Action No. 01-565, Docs. 4 & 6).

Jones to a term of incarceration of not less than two and one-half years to not more than seven years, to run concurrent to the sentence that he was then serving on the previous convictions. (Ex. 8 at 16).

On November 19, 1999, the Parole Board notified Jones that, notwithstanding Judge McGregor's intent, the sentence imposed at Criminal Docket No. 199400697 would not run concurrent to his pre-existing sentence.[2] (See Ex. 14 at 3). In a subsequent letter, Syed Ali, a Parole Manager, explained the following to Jones:

> [The] Parole Act prohibits the time remaining on the original sentence to run concurrently with any new sentence received. Be advised that regardless of a sentencing Judge's clear intent to the contrary, backtime and new sentence(s) must be served in consecutive order.

(Ex. 22 at 11).

On May 4, 2000, Jones filed a motion in state court under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541, et seq. (Ex. 14).[3] He claimed that his guilty plea at Criminal Docket No. 199400697 was not knowing and voluntary

---

[2] It appears that the expiration of the minimum sentence on Criminal Docket No. 199400697 is set at December 2, 2007 and the expiration of the maximum sentence is set at June 2, 2012.

[3] Jones had filed a previous PCRA motion on January 10, 1997. (Ex. 10). That motion was filed prior to the time that the Parole Board informed him that he could not serve his sentence at Criminal Docket No. 199400697 concurrent to the sentence he was already serving; therefore, issues based on that factual predicate were not raised in that proceeding. Judge McGregor dismissed that PCRA motion on September 16, 1997. (Ex. 13).

and that his attorney provided him with ineffective assistance of counsel at his plea proceeding because she failed to inform him that he would not be able to serve his sentence concurrent to that which he was then serving. Judge McGregor dismissed the PCRA motion as untimely under the applicable one-year statute of limitations on May 30, 2000. (Ex. 16). Jones did not appeal that decision.

Over one year and six months later, on December 4, 2001, Jones filed a Petition for Writ of Habeas Corpus with this court, which was docketed at Civil Action No. 01-2276.[4] Therein, he raised the same claims that he had raised in his PCRA motion. Upon a review of the Petition, it appeared that Jones had not exhausted his claims in state court. As a result, the undersigned issued a Report & Recommendation in which it was recommended that the petition be dismissed under Federal Rule of Civil Procedure 4 because it plainly appeared from the face of the petition that Jones had failed to exhaust his state-court remedies. (Civil Action No. 01-2276, Doc. 2). On January 4, 2002, the Honorable Robert J. Cindrich adopted the Report & Recommendation as the opinion of the court.[5] (Civil Action No. 01-2276, Doc. 3). The

---

[4] On that same date, Jones filed a federal habeas corpus petition with this court in which he challenged the sentences he is serving at Criminal Docket Nos. 199312783, 199310669, and 199312785. That case was docketed at Civil Action No. 01-2277.

[5] Jones' federal habeas corpus petition docketed at Civil Action No. 01-2277 was dismissed on the same date for the same reason.

-4-

Court of Appeals for the Third Circuit denied Jones' request for a certificate of appealability on June 18, 2002.

On July 21, 2002, Jones filed another PCRA motion, in which he once again challenged the constitutionality of his plea proceeding at Criminal Docket No. 199400697. (Ex. 19). Judge McGregor denied relief because the motion was time-barred under state law. (Ex. 29). On December 10, 2003, the Superior Court of Pennsylvania affirmed. (Ex. 34).

More than one year and eight months later, on August 28, 2005, Jones signed the pending *pro se* Petition for Writ of Habeas Corpus.[6] (Doc. 7). In the petition, he claims that he received constitutionally ineffective assistance of counsel at his plea proceeding. He further claims that his plea was not knowing or voluntary.

B.   **Time Period for Filing Federal Habeas Corpus Petitions**

In their Answer, the Respondents contend that Jones' habeas petition must be dismissed because it is untimely under the statute of limitations as set out in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d)(1). AEDPA subjects state prisoners to a one-year statute of limitations. The limitations period begins to run on

---

[6] On July 25, 2005, Jones filed in the Court of Common Pleas a *pro se* Petition for Issuance of Habeas Corpus Ad Subjiciendum. The Court of Common Pleas' criminal docket reflects that the pleading is pending.

the latest of several dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Here, Jones has acknowledged that he learned the "factual predicate" of his claims - that he could not serve his sentence on Criminal Docket No. 199400697 concurrent to the sentence he was then serving - on November 19, 1999. Accordingly, his one-year period for filing his federal habeas corpus petition commenced on that date and expired on November 19, 2000. He, however, did not file his federal habeas petition until -at the earliest- August 28, 2005 (and he did not file his federal habeas corpus petition docketed at Civil Action No. 01-2276 until December 2001). Therefore, the instant petition is untimely, unless Jones has established that statutory tolling as provided by 28 U.S.C. § 2244(d)(2) would make his claims timely filed, or that equitable tolling should be applied on the facts present in this record.

1. **Statutory Tolling**

Section 2244(d)(2) provides that "properly filed" applications for post-conviction relief that are pending during AEDPA's limitations period will statutorily toll that limitations period during the time that those applications are pending in state court. 28 U.S.C. § 2244(d)(2). In the instant case,

statutory tolling does not assist Jones. The state courts determined that his 2000 and 2002 PCRA motions were untimely filed under state law. Accordingly, those post-conviction motions do not qualify as "properly filed" applications for state post-conviction relief under 28 U.S.C. § 2244(d)(2), and cannot toll the statute of limitations for a federal habeas corpus petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003). Morever, more than one year expired between November 19, 1999, and the time-period during which Jones' PCRA motions were *not* pending. Thus, even if Jones' PCRA motions had been properly filed, statutory tolling would not save the instant petition from being dismissed as being untimely under AEDPA's provisions.

### 2.   **Equitable Tolling**

Jones also has not shown that he is entitled to take advantage of the doctrine of equitable tolling in this action. AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19

(3d Cir. 1998) (internal citations, quotations, and punctuation omitted). *See also* Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

Jones has not met his burden of establishing entitlement to the remedy of equitable tolling. He fails to direct this court to any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.,* Lacava, 398 F.3d at 276-79.

Although the federal habeas corpus petition that Jones filed with this court in December 2001 (Civil Action No. 01-2276) was dismissed without prejudice, consideration of that prior ruling does not work to equitably toll the statute of limitations. That action was commenced after the expiration of AEDPA's statute of limitations (which actually expired more than one year earlier, on November 19, 2000). If Jones had accurately detailed the procedural history of his case in that petition, this court would have dismissed it *with prejudice* as untimely. Moreover, while Jones did go back to state court ostensibly to exhaust his claims, when those proceedings concluded on December 10, 2003, he waited more than one year and eight months before he initiated the instant action.

\* \* \*

Based upon the record and the relevant law cited *supra* the court finds that the Petitioner, Marco Jones (a/k/a Lamont

Harris), did not file a timely petition for writ of habeas corpus in accordance with the directives found in 28 U.S.C. § 2244(d).

C.  **Certificate of Appealability**

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2). There is a difficulty in the application of this provision whenever the District Court does not decide the case on the merits but rather decides the case on a procedural ground, without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling."

Applying this standard here, the court concludes that jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by the Petitioner was filed within the one-year limitation period which is provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Marco Jones be dismissed with prejudice and that a certificate of appealability likewise be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 2, 2006. Responses to objections are due by June 12, 2006. Failure to file timely objections may constitute a waiver of any appellate rights.

May 17, 2006

_Francis X. Caiazza_
FRANCIS X. CAIAZZA
U.S. Magistrate Judge